## Louis Traeger, Appellee, v. W. L. Wasson, Appellant.

1. NEGLIGENCE—*when owner of automobile guilty of.* If one driving an automobile over a road in bad condition seeks to pass another who is upon horseback, it is his duty to so manage and control his automobile under the conditions of the road prevailing that he will not inflict injury, and failing to do so he is guilty of negligence for which a recovery may be had.

2. CONTRIBUTORY NEGLIGENCE—*when person injured by being struck by automobile not guilty of.* One who is upon a public road at a place where he has a right to be and who affords an automobile sufficient room to pass, is not guilty of contributory negligence in refusing to leave the beaten path.

Traeger v. Wasson, 163 Ill. App. 572.

Appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed.   Opinion filed October 14, 1911.

BALDWIN & STRINGER, for appellant.

BEACH & TRAPP, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

On the 29th of September, 1910, plaintiff was riding upon the public highway on horseback, going towards the city of Lincoln, Illinois; defendant on that day was travelling upon the same highway driving an automobile following plaintiff. When near the city of Lincoln, defendant overtook the plaintiff and desired to pass him on the public highway. When about one hundred yards distant, defendant gave a signal for the purpose of notifying plaintiff of his approach. The public highway, at the point in question, consisted of but one beaten track, in which both plaintiff on horseback and defendant in the automobile were travelling; this beaten track was the only smooth portion of the highway, the balance was rough and not in good condition for vehicles to travel over. Prior to the sounding of defendant's signal, plaintiff was riding upon the right side of the beaten track; soon after the giving of defendant's signal plaintiff crossed to the left side of the beaten track and continued along the public highway. Defendant proceeded with his automobile without turning from the beaten track and ran his automobile upon and against plaintiff's horse. It is for the alleged injuries to the horse and the alleged negligence of the defendant in so driving his automobile against plaintiff's horse that this action is brought to recover damages to the horse. The trial resulted in a judgment against defendant for $75.

Defendant insists  on a reversal of this  judgment,

contending that it was contributory negligence on the part of the plaintiff to refuse to leave the beaten track at the sound of defendant's signal so as to permit defendant to pass, that the court erred in the admission and rejection of evidence and in the giving and refusing of instructions.

The legislature at the time of this incident had not passed any act relating to the use of the public highways where one vehicle going in the same direction with another desired to pass the vehicle in front. Under the common law and under the statute all parties using the public highway for legitimate and lawful purposes have equal rights therein. Had plaintiff and defendant been going in opposite directions and it became necessary for them to pass in the public highway, the law created no greater obligation upon the part of the plaintiff to leave the travelled roadway for the purpose of permitting defendant to pass than it did upon the part of the defendant to leave the travelled roadway for the purpose of permitting plaintiff to pass. While it may be known as a matter of general knowledge that out of courtesy a man travelling upon horseback usually leaves the beaten track for the use of a vehicle for the reason that it may be easier for the horse without a vehicle attached to travel upon that portion of the highway which is not included in the beaten track, the statute does not require that a person travelling upon horseback so do. Under the rule that persons' rights upon the public highway are equal, plaintiff had the right to continue to use at least one-half of the beaten track and the record discloses that he did no more than this, that he surrendered the right side of the beaten track for the use of the defendant, and that was all that he was required to do. The fact that the parties were going in the same direction instead of in opposite directions imposed no greater obligation upon the plaintiff to

leave the beaten track, and the plaintiff was not guilty of contributory negligence by travelling on the left side of the beaten track as the record discloses that he did. If the defendant desired to pass the plaintiff upon this public highway, going in the same direction, he cannot insist that any greater burden should be cast upon the plaintiff to permit him to pass than the defendant shall be required to assume for himself. It is insisted, however, by defendant that he did attempt to turn his automobile from the beaten track but that on account of the rough condition of the public highway at that point he was unable to do so, and the car swerved back into the public highway. Conceding that such condition is shown by the record, it then became the duty of the defendant to so manage and control his automobile that he would not run into and against the horse of the plaintiff. We are satisfied that the jury were fully warranted in finding the defendant guilty of the negligence charged in the plaintiff's declaration.

There is some dispute and conflict in the evidence as to the amount of damage, but this was a question for the jury to determine from all the evidence in the case, and we cannot say that the verdict of the jury is so clearly against the manifest weight of the evidence as to require its reversal.

We find no reversible error in the instructions given by the court and no error in the refusal of the court to give those marked refused; the jury was fully instructed as to the rights of the parties herein. The verdict is fully warranted by the evidence.

There being no reversible error in this record, the judgment is affirmed.

*Affirmed.*